**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TISHA J. TEUPELL,

    Plaintiff,

v.                                                                                       Civ. No. 20-36 JAP/GBW

ANDREW SAUL,
*Commissioner of Social Security*,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On April 21, 2020, Defendant moved to dismiss Plaintiff's complaint on jurisdictional grounds. *See* AMENDED DEFENDANT'S MOTION TO DISMISS (Doc. 20). In the motion, Defendant argues that because Plaintiff's case is still pending before the Appeals Council, she has not exhausted her administrative remedies and therefore cannot seek judicial review under 42 U.S.C. § 405(g).[1] Plaintiff, who is proceeding *pro se*, did not file a response to the motion, and the time for doing so has passed. The Court, having considered the motion, the administrative record, and the relevant law, agrees with Defendant that the Court lacks jurisdiction because there has been no final decision as required by § 405(g). The Court will therefore grant Defendant's amended motion to dismiss.

**I. Procedural History**

On July 17, 2014, Plaintiff filed applications for Social Security Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq*., and for

---

[1] Title 42 U.S.C. § 405(g) states that:
    Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381 *et seq*. *See* Doc. 20-1 at 3. Plaintiff's applications were initially denied on January 27, 2015. *Id*. They were denied again at reconsideration on September 15, 2015. *Id*. Plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id*. After holding a hearing on February 23, 2017, ALJ Lillian Richter issued an unfavorable decision on November 27, 2017. *Id*. Plaintiff then requested that the Appeals Council review ALJ Richter's ruling. *Id*. On January 11, 2019, the Appeals Council granted the request for review and remanded the case to ALJ Richter for reconsideration. *Id*.

Upon remand, a second hearing was held, and on November 16, 2019, ALJ Richter again issued an unfavorable decision. *Id*. On January 13, 2020, Plaintiff filed a complaint in this Court seeking judicial review of ALJ Richter's second unfavorable ruling. *See* COMPLAINT (Doc. 1).[2] At the same time, she filed a request for review with the Appeals Council, which the Appeals Council received on January 16, 2020. Doc. 20-1 at 3. That request is still pending review before the Appeals Council. *Id*.

In its amended motion to dismiss, Defendant contends that the Court lacks jurisdiction under the Act unless there has been a final decision made by the Commissioner, and that Plaintiff has not yet received a final decision because the Appeals Council has not taken any action on Plaintiff's request for review of ALJ Richter's second unfavorable ruling. Doc. 20 at 2–4. Consequently, Defendant argues that the Court lacks jurisdiction and must dismiss Plaintiff's complaint. *Id.* at 4. Although Plaintiff has not responded to the motion, the Court will address the merits of the motion.

---

[2] Because Plaintiff is proceeding *pro se*, the Court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, does not assume the role of her advocate. *Id.*

**II. Analysis**

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear the plaintiff's claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). "[Because] federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

In this case, Plaintiff seeks judicial review of the denial of her applications for disability insurance benefits and supplemental security income under Title II and Title XVI of the Act. *See* Doc. 1 at 2, 7. Under the Act, judicial review is available for "any *final decision* of the Commissioner of Social Security made after a hearing to which [the claimant] was a party." 42 U.S.C. § 405(g) (emphasis added). "[A] 'final decision' is a statutorily specified jurisdictional prerequisite" to a right of appeal to the district court. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). What constitutes a "final decision" is left to the Commissioner to determine pursuant to regulation. *Id.* "The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Id.*

Under the applicable Social Security regulations, "[m]odern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019); *see* 20 C.F.R. §§ 416.1400, 404.900 (setting forth four-step sequential administrative review process for Title II and Title XVI applications). "First, the

3

claimant must seek an initial determination as to his eligibility." *Smith*, 139 S. Ct. at 1772. "Second, the claimant must seek reconsideration of the initial determination." *Id*. "Third, the claimant must request a hearing, which is conducted by an ALJ." *Id*. "Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council[,]" which is responsible "for overseeing and reviewing the decisions of the agency's hearing officers (who, today, are ALJs)." *Id*. "If a claimant has proceeded through all four steps on the merits, . . . § 405(g) entitles him to judicial review in federal district court." *Id*.

Upon review of the administrative record, the Court concludes that it lacks subject matter jurisdiction because the Social Security Administration has not yet rendered a final decision regarding Plaintiff's applications for disability insurance benefits and supplemental security income. The record establishes that Plaintiff has proceeded through only three of the four steps required to exhaust her administrative remedies: (1) initial determination, (2) reconsideration of the initial determination, and (3) a hearing before an ALJ. *See* 20 C.F.R. §§ 404.900(a), 416.1400(a). Although Plaintiff has filed a request for review by the Appeals Council, the Appeals Council has not yet rendered a decision on Plaintiff's request. Consequently, there has been no "final decision" that would allow for judicial review under § 405(g).

Nor has Plaintiff asserted a colorable constitutional claim in her complaint that would justify waiving the exhaustion requirement. *See Califano v. Sanders*, 430 U.S. 99, 109 (1997) (discussing "colorable constitutional claim" exception that allows for immediate judicial review in the absence of a final decision in social security context). The Court concludes that it does not have jurisdiction over Plaintiff's complaint. Therefore, Plaintiff's complaint is subject to dismissal without prejudice to refiling after she obtains a final decision.

IT IS ORDERED that AMENDED DEFENDANT'S MOTION TO DISMISS (Doc. 20) is GRANTED and this case is dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE